### Thomas L. Foulds v. Henry Watson, et al.

1. DONATION—*when undertaking for, cannot be enforced.* A mere mutual compact to make a donation, which recites no consideration and fixes no time for performance, cannot be enforced in an action of assumpsit in which the declaration does not aver a demand upon the defendant to perform or a refusal upon his part to perform.

Action of assumpsit. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

LEVI DAVIS, for appellant.

JOHN F. McGINNIS, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action of assumpsit for breach of a written contract under seal between appellant of the one part and appellees of the other part. The contract is set out *in haec verba* in the declaration as follows:

"Know all Men by These Presents, that Henry Watson and Janet Watson, his wife, and Thomas L. Foulds, all of the City of Alton, in the County of Madison, and State of Illinois, have mutually agreed and do hereby agree to donate, and they do hereby donate and dedicate for public use as a street, to be known as 'Watson Avenue,' a strip of land of the uniform width of forty (40) feet running at right angles to Bluff Street and extending from Bluff Street to land now owned by Woman's Home Association, the center line of which said street begins at a point where the section line between Section ten (10) and eleven (11), in township five (5) North, Range ten (10) West of the 3rd P. M. intersects the south line of Bluff Street and runs

thence south 22 degrees East and at right angles to Bluff Street four hundred and seventy-one (471) feet to the north line of land now owned by the Woman's Home Association, formerly known as the Dolbee tract of land, all situated in the City of Alton aforesaid.

The said Henry Watson and wife hereby donating and dedicating that part of said forty foot strip which lies west of the center line and said Thomas L. Foulds hereby donating and dedicating that part of said forty foot strip which lies east of said center line.

Dated this 30th day of May, 1902.

> THOMAS L. FOULDS, [SEAL]
> HENRY WATSON, [SEAL]
> JANET WATSON. [SEAL]"

The declaration alleges that after the making of said contract and before it was recorded, appellees sold and conveyed by proper deed in fee the said west half of said strip to one Jenkins, who, without notice or knowledge of said contract, purchased and paid for and took possession of said west half and built a dwelling house thereon, by reason whereof appellant's property was damaged and depreciated $600 in value, and appellees became liable to pay appellant said sum, and being so liable, promised to pay appellant, etc. Appellees filed a general demurrer to the declaration, which was sustained, and appellant electing to stand by his declaration, judgment was entered against him for costs, from which he appealed to this court.

The agreement recites no consideration, nor is one alleged by the declaration. It amounts to no more than a mutual compact to donate—give—to the city of Alton certain land for a street. There is no time limit within which this is required or may be done. The declaration contains no averment of a demand upon the defendants or their refusal to comply with the terms of the agreement. A breach of the contract is not alleged other than by averment that defendants have sold and conveyed that which was to have been donated. It does not necessarily follow from that fact that they may not be able to comply with the agreement when called upon to do so. From the declaration it does not appear that defendants are in default and that a right

of action has accrued to plaintiff. It is not alleged that plaintiff has performed on his part, or in what manner he has been prevented by act of defendants. A cause of action is not set out. The demurrer was rightly sustained.

*Affirmed.*